**In the Interest of A.C.C., A Child.**

**Appeal of D.C., Mother.**

**No. 87–1193.**

Court of Appeals of Iowa.

May 31, 1988.

J. Michael Mayer, Des Moines, for appellant mother and for the child.

Thomas J. Miller, Atty. Gen., Charles K. Phillips, Asst. Atty. Gen., and Rebecca A. Belcher, Asst. Polk County Atty., for appellee State.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

D.C., the mother of A.C.C., a four-year-old girl, appeals the ruling of the juvenile court terminating her parental rights pursuant to Iowa Code section 232.116(5). She asserts the State failed to show by clear and convincing evidence A.C.C. cannot be returned to her custody. We affirm.

A.C.C. was born November 28, 1983, to R.C., her father, and D.C. She was initially removed from D.C.'s custody on July 24, 1984, due to D.C.'s alleged intoxication and inability to care for A.C.C. D.C. was ordered to undergo alcohol abuse treatment and A.C.C. was returned to her custody. However, A.C.C. was adjudicated a child in need of assistance. On September 11, 1984, A.C.C. was again removed from D.C.'s custody, again due to D.C.'s intoxication. Thereafter A.C.C. was repeatedly confirmed to be a child in need of assistance. D.C. made progress in her alcohol treatment program and, ultimately, the case was terminated and closed on August 2, 1985.

On August 20, 1985, A.C.C. was again removed from D.C.'s custody as the result of D.C.'s intoxication. D.C. was again ordered to get alcohol abuse treatment. The Department of Human Services was ordered to offer her a parenting contract to allow her the opportunity to demonstrate her parenting abilities.

On March 11, 1987, the State brought this action to terminate the parent-child relationship between A.C.C. and both D.C. and R.C. The State alleged R.C. had abandoned A.C.C. and termination with respect to D.C. was warranted pursuant to Iowa Code section 232.116(5). The juvenile court terminated the parental rights of both parents on these grounds. This appeal by D.C. followed. R.C. has not appealed.

Iowa Code section 232.116(5) provides: Except as provided in subsection 6, the court may order the termination of both the parental rights with respect to a child and the relationship between the parents and the child on any of the following grounds:

\*    \*    \*    \*    \*    \*

5. The court finds that:

a. The child has been adjudicated a child in need of assistance pursuant to section 232.96; and

b. The custody of the child has been transferred from the child's parents for placement pursuant to section 232.102 for at least twelve of the last eighteen months; and

c. There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102.

It is not disputed the requirements of (a) and (b) have been met in this case. D.C. contends the State has not shown by clear and convincing evidence A.C.C. cannot be returned to her custody.

Our review of the juvenile court is de novo. We review the facts as well as the law and adjudicate rights anew on those propositions properly preserved and presented to us. *In re O'Neal*, 303 N.W.2d 414, 422 (Iowa 1981). Central to our determination in this matter are the best interests of A.C.C. *In re Interest of Dameron*, 306 N.W.2d 743, 745 (Iowa 1981). Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of future care that parent is capable of providing. *Id.*

D.C. acknowledges she suffers from alcoholism and has for over fifteen years. She asserts, however, proof of this condition by the State does not provide clear and convincing evidence A.C.C. cannot be returned to her custody. D.C. notes she is conceded to be an excellent parent, when sober. She contends she has been sober since approximately May 1987. She further contends the State failed to show A.C.C. was harmed by her alcoholism. The record belies D.C.'s latter contention. There is evidence A.C.C. was left unattended on numerous occasions when D.C. was intoxicated. There is also evidence that on at least one occasion D.C. picked A.C.C. up at the baby-sitter's when intoxicated and drove home in that condition. Although A.C.C. was not physically injured during this incident, the State is certainly not required to wait for actual harm to occur before acting to prevent probable harm to a child. *See, e.g., Dameron*, 306 N.W.2d at 745.

D.C. has been given years to get her alcoholism under control. Unfortunately, the record persuades us she has been unable to do so for any sustained period of time. A.C.C. can wait no longer for a stable home. We conclude the juvenile court was correct to terminate D.C.'s parental rights.

AFFIRMED.